UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RICHARD PATTERSON,

                              Plaintiff,                       **ORDER**

    -against-                                                       CV 08-4640 (JFB)(ARL)

CORPORAL OR SGT. NAPOLI, et al.,

                              Defendants.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the defendants' unopposed motion seeking to have the undersigned recommend that the case be dismissed for failure to prosecute. For the reasons that follow, that request is denied.

      The *pro se* plaintiff commenced this action on November 6, 2008, alleging that his civil rights had been violated while he was incarcerated at the Nassau County Correction Center. The defendants answered the complaint on May 19, 2009. On July 10, 2009, the court issued a scheduling order directing the plaintiff to, among other things, prepare a written narrative statement of the facts he anticipated presenting at trial and to serve and file a copy of the statement by August 21, 2009. The scheduling order was forwarded to Clinton Correctional Facility. Although the court believes that the plaintiff received that order based on the completed return receipt form, the plaintiff failed to comply with the order.

      By letter application dated September 4, 2009, the defendants sought to compel the plaintiff to serve his written narrative statement. The defendants forwarded their application to Attica. A review of the New York State Department of Correction Inmate Information website confirms that the plaintiff had been housed at Attica at some point. However, the plaintiff had filed a notice two weeks earlier indicating that effective August 13, 2009 his address was changing to 76 Fourth Street, New Hyde Park, New York. Although the court could not verify that the plaintiff had received the defendants' motion, the plaintiff had nonetheless failed to comply with the court's scheduling order. Accordingly, by order September 16, 2009, the plaintiff was directed to serve the defendants with a written narrative statement by October 16, 2009. The court forwarded its order to the New Hyde Park address provided by the plaintiff. The order was returned as undeliverable.

      The court has again reviewed of the New York State Department of Correction Inmate Information website which suggests that despite the plaintiff's notice of change of address, the plaintiff was not released from Attica until November 3, 2009. Although it is the plaintiff's responsibility to keep the court apprised of his current address, the undersigned will give the plaintiff one final opportunity to provide the defendants with a written narrative statement. On or before January 29, 2010, the plaintiff must prepare and serve the defendants with a written narrative statement of the facts plaintiff currently anticipates presenting at trial. The defendants'

time to serve their written narrative is extended to February 26, 20109.  The deadline for completion of all discovery, inclusive of expert discovery, is extended to April 30, 2010.  The plaintiff shall submit a revised narrative statement, exhibit list, witness list and summary of each witness' testimony by May 14, 2010.  The defendants are directed to file the customary pretrial order to the undersigned by May 28, 2010.  Any party wishing to make a dispositive motion shall take the first step in the motion process by June 11, 2010.

A copy of this order will be forwarded to the plaintiff, by certified mail, at his last know address in New Hyde Park.  The plaintiff is warned that failure to respond to this order will result in a recommendation to the District Judge that the case be dismissed for failure to prosecute. See Fed. R. Civ. P. 41(b). Rule 41(b) gives the district court power to dismiss a complaint "for failure to comply with a court order, treating noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995). It is well settled that a dismissal under Rule 41(b) "operates as an adjudication on the merits and that such a dismissal is with prejudice." *Hoffman v. Wisner Classic Mfg. Co.*, 927 F. Supp. 67, 71 (E.D.N.Y. 1996) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630-32 (1962)).

Dated:  Central Islip, New York      **SO ORDERED:**
       December 18, 2009

                                                                          /s/
                                          ARLENE R. LINDSAY
                                          United States Magistrate Judge